UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ERICA PAYNE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-13554-LTS |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

March 30, 2016

SOROKIN, J.

Plaintiff Erica Payne ("Payne"), proceeding pro se, filed the Complaint in this Social Security action on October 13, 2015. Doc. No. 1. On January 13, 2016, the Court set deadlines in this case. Doc. No. 14. That same day, the docket sheet was sent to Payne by first class mail. Doc. No. 15. The deadline for Payne to file her Motion for Order Reversing Commissioner's Decision was set for February 22, 2016. Doc. No. 14. To date, she has neither made this filing nor requested an extension of time to file the motion.

The Court now Orders Payne to file her Motion for Order Reversing Commissioner's Decision by **April 25, 2016**. Should she fail to file her Motion for Order Reversing Commissioner's Decision, she faces dismissal of her case due to failure to prosecute and failure to obey this Court Order. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute" is well-established and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the

1

calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, it is hereby ORDERED that by the close of business on **April 25, 2016**, Payne shall file her Motion for Order Reversing Commissioner's Decision. Additionally, the Clerk shall send Payne a copy of this Order both: 1) via first class mail, with postage prepaid; and 2) via certified mail with a return receipt. Failure to file her Motion for Order Reversing Commissioner's Decision may be grounds for dismissal for failure to prosecute or disobeying a Court Order.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge